JERRY C. OLDSHUE, JR., U.S. BANKRUPTCY JUDGE
This matter came before the Court on August 1, 2018, for a hearing on Debtor's Motion to Determine Mortgage Fees and Expenses Pursuant to Rule 3002.1(e) and brief in support thereof (Docs. 35, 43), and Creditor Lakeview Loan Servicing, LLC's, Objection thereto. (Doc. 40). Appearances were as noted on the record.
This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and the Court has authority to enter a final order. The Court further finds as follows.
On December 19, 2016, Debtor filed for chapter 13 bankruptcy relief. Her proposed plan of reorganization proposes to pay her mortgage directly with Creditor Lakeview Loan Servicing, LLC, (hereinafter "Lakeview"). On May 9, 2017, Lakeview filed its Proof of Claim 5-1, and on May 22, 2017, Lakeview filed its Rule 3002.1(c) Notice of Post-Petition Mortgage Fees, Expenses, and Charges, to which Debtor filed the instant Motion to Determine and supporting brief. (Docs. 35, 43). Lakeview filed its Objection to Debtor's Motion. (Doc. 40).
The Notice filed by Lakeview alleges that Debtor owes to Lakeview "filing fees and court costs" in the amount of $300.00, and fees for "plan review" in the amount of $350.00. Debtor objects to these alleged attorney fees and costs on the basis that the underlying agreement does not authorize Lakeview to collect the attorney fees from the Debtor. Debtor relies on In re England , 586 B.R. 795 (Bankr. M.D. Ala. 2018) for this assertion, which this Court finds persuasive and does hereby adopt.
DISCUSSION
In accordance with Fed. R. Bankr. P. 3002.1, a creditor of a debtor's primary residence may file a notice to recover postpetition fees, expenses, or charges incurred in connection with a claim provided for under 11 U.S.C. § 1322(b)(5) in the plan. In re England , 586 B.R. 795 (Bankr. M.D. Ala. 2018). " Section 1322(b)(5) permits a debtor to cure a default on his home mortgage and maintain payments while a case is pending, thereby allowing him to keep his residence." Id. (quotation marks omitted). "What is required to cure a default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." Id. "In order to collect postpetition fees, expenses, or charges incurred in connection with a claim on a debtor's primary residence, a creditor is required to follow certain noticing requirements," which are provided for in Rule 3002.1(c) of the Federal Rules of Bankruptcy Procedure :
The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principle residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.
*663 "Upon a debtor filing a motion to determine mortgage fees, expenses, and charges pursuant to § 1322(e), the Court must look to the underlying agreement and applicable nonbankruptcy law to determine if the amounts are permissible." Id. "A lender is only permitted to collect mortgage fees, expenses, and charges in bankruptcy if the underlying agreement or applicable nonbankruptcy law so permit." Id. (citing 11 U.S.C. 1322(a) ).
Lakeview relies on paragraph 7 of the mortgage, which states:
If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2. Any amounts disbursed by Lender under this paragraph shall become an additional debt of the Borrower and shall be secured by this Security Instrument.
The "other items" incorporated into paragraph 7 by reference to paragraph 2 include the payment of taxes and insurance and do not include language authorizing the collection of attorney fees. Thus, the alleged postpetition "filing fees and costs" and fees for "plan review" are not for the payment of taxes, hazard insurance or any other items referenced in paragraph 2 of the mortgage. Even if the language in the mortgage was intended to create an obligation by the debtor to repay attorney fees incurred after a default, the language is unclear and ambiguous to that effect. Such ambiguous provisions will not be enforced by this Court. See England at 795 (provisions in a mortgage permitting fees must be unambiguous and will only be enforced to the extent so provided for by the language of the mortgage) (citations omitted) ). Here, within the four corners of the loan document, there exists no unambiguous language establishing a mortgagor obligation for mortgagee attorney fees incurred after an event of default. Therefore, the mortgage fails to provide for the alleged fees, and, as such, they are hereby DISALLOWED.
CONCLUSION
Having considered the filings and arguments of the parties, and the law relevant to this issue, the Court finds that the fees, expenses and charges alleged to be owed by Debtor in Lakeview's Rule 3002.1(c) Notice are DISALLOWED and are not due to be paid by Debtor. The mortgage document does not unambiguously provide for the collection of attorney fees for bankruptcy plan review or for filing fees or court costs related to proof of claim preparation. As such, the Debtor's Motion to Determine is due to be and hereby is GRANTED.